**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARRYL DAVIS and STEVEN GROHS,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHERRY YATES, SARAH DAVIS, NEW JERSEY DEPARTMENT OF CORRECTIONS, SCO JOHN DOE,**<br><br>Defendants. | No. 15-cv-6943 (KM)(JBC)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiffs, Darryl Davis and Steven Grohs, brought this action for a declaratory judgment and to recover damages arising out of the alleged deprivation of rights under the Fourteenth Amendment to the United States Constitution and Article 1 of the New Jersey Constitution relating to the plaintiffs having been incarcerated in cold conditions. Plaintiffs filed their complaint against the New Jersey Department of Corrections ("NJDOC"), Sherry Yates and Sarah Davis (collectively, "Defendants") in the Superior Court of the State of New Jersey, Middlesex County, Law Division, on July 24, 2014. Defendants removed the action to this Court on September 18, 2015. (Dkt. No. 1) Now before the Court is Plaintiffs' motion to remand the action to state court pursuant to 28 U.S.C. § 1447 (Dkt. No. 3).[1] For the reasons set forth below, the motion to remand is denied.

---

[1]  Due to confusion on the docket regarding whether Defendants had filed an opposition to the motion to remand, by Order dated June 10, 2016, the Court set forth a briefing schedule on the motion. (Dkt. No. 15) That order instructed Defendants to file an opposition to remand within 21 days of the order and afforded Plaintiffs 14 days thereafter to file a reply. On July 5, 2016, Defendants filed a letter indicating that they

1

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over cases that "arise under" federal law.[2] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The complaint in this action alleges violation of the Fourteenth Amendment to the United States Constitution and parallel rights under the New Jersey Constitution for the failure to provide proper heating and blankets to two incarcerated individuals. This matter therefore arises under this Court's federal question jurisdiction as it presents a case which arises under federal law. Of course, the plaintiff is master of his complaint, and a plaintiff may opt to sue in State court only under the State constitution. But that is not what plaintiffs have done here. In their state court complaint, they have asserted claims for violation of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

Plaintiffs do not dispute that federal question jurisdiction exists. Instead, Plaintiffs contend that removal was not timely filed and that consent of all

---

had previously filed an opposition (Dkt. No. 5) and stated that Defendants would rely on the arguments submitted therein. (Dkt. No. 16) Plaintiffs then filed a motion for sanctions and imposition of costs against Defendants, arguing that Defendants failed to respond to this Court's June 10, 2016 Order and requesting remand as the appropriate remedy. (Dkt. No. 17) I find that Defendants properly responded to the June 10, 2016 Order by letter dated July 5, 2016. Accordingly, sanctions would be inappropriate and thus, Plaintiffs' motion for sanctions and imposition of costs is denied.

[2] There is no contention that the parties are of diverse citizenship. *See* 28 U.S.C. § 1332.

named defendants was not obtained prior to Defendants having filed the Notice of Removal.

Under 28 U.S.C. § 1446, a defendant has thirty days from the date of service in which to file a notice of removal. 28 U.S.C. § 1446(b). However, the statute also provides that

> If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-serviced defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(C). This rule is referred to as the "last served defendant rule." Under the "last served defendant" rule, the defendant which was served last may remove the entire case within thirty days of being served. *See, e.g., Gelber v. Kirsch*, 2015 WL 1471960, at *8 (D.N.J. Mar. 30, 2015) (citations omitted). The last-served rule permits previously-served defendants to join in on removal, even if their own time to remove has expired. *See Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011); *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009).

Here, Defendant Davis was served on August 12, 2015, and NJDOC was served on August 14, 2015. Defendant Yates was served on August 24, 2015. Notice of removal was filed on September 18, 2015, within thirty days of service on Yates. Under the last-served rule, therefore, removal was timely.

Furthermore, removal here satisfies the "rule of unanimity," whereby, in cases involving more than one defendant, all defendants are required to either join in the removal or to consent to removal. *See Levis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); 28 U.S.C. § 1446(b)(2)(A). Here, all served defendants are jointly represented and collectively filed the Notice of Removal. (*See* Dkt. No. 1) Accordingly, I find that the earlier-served defendants properly joined the removal. Plaintiffs object on the grounds that the fourth named defendant, "SCO John Doe," has not joined in removal. There is, however, no indication that this individual has been identified or served. "SCO John Doe" remains, at this stage, a fictitious entity. The unanimity rule may be disregarded where a non-joining defendant is an unknown or nominal party. *See, e.g., Doughtery,*

3

*Clifford & Wadsworth, Corp. v. Magna Grp., Inc.*, 2007 WL 2579406, at *3 (D.N.J. June 19, 2007) (citations omitted). Accordingly, because "SCO John Doe" has not been properly served in this action, the failure of that fictitious entity to join or consent to removal does not undermine the efficacy of the removal.

## CONCLUSION

I find that removal was timely filed and that all properly-served defendants joined in filing the Notice of Removal. Accordingly, I find removal proper and will deny the motion to remand. An appropriate order follows.

Dated: July 20, 2015

_____
**KEVIN MCNULTY**
**United States District Judge**