UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARRYL DAVIS, et al.,

    Plaintiffs,

v.

SHERRY YATES, et al.,

    Defendants.

Civ. No. 15-6943 (KM) (JBC)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiffs, Darryl Davis and Steven Grohs, are civilly committed persons currently residing at the Special Treatment Unit ("STU") in Avenel, New Jersey. They are proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is the motion of defendants Sherry Yates and Sarah Davis (the "movants") for partial dismissal of the amended complaint. For the following reasons, the motion will be denied.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6)[1] provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Worth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d

---

[1] The movants also cite to Federal Rule of Civil Procedure 12(b)(1), which provides for dismissal of a complaint for lack of subject matter jurisdiction. However, based on the arguments presented in their motion, it appears clear that the movants are bringing their motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly case, infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his "entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

Where, as here, plaintiffs are proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## III. BACKGROUND

The amended complaint arises from allegedly inadequate heating in the STU, particularly in the winter of 2014–15. The amended complaint names as defendants Sherry Yates – Administrator at the STU, and Sarah Davis – Superintendent at the STU.[2]

Plaintiffs state that the heating system was activated for their housing unit in October 15, 2014. Right away there were problems with the system. Among the problems were leaking pipes, formation of stalactites, and flooding. When the steam pipes failed, this led to freezing air entering the housing unit through the ventilation system. At one point, the ventilation system was shut down. This led to twenty-degree air being blown directly into the housing unit through a vent. Because of the cold wind from the vents, housing unit officers brought in space heaters and placed them near their desks.

On or about December 23, 2014, Sarah Davis visited the housing unit. Mr. Grohs then complained to her about the temperature of the unit. Ms. Davis said she was aware of the problem and returned with woolen blankets to be distributed to residents who requested them. Grohs then complained that he was allergic to wool. Davis told Grohs that she would look into providing him with a cotton blanket, but he was never provided with one.

With respect to Sherry Yates, plaintiffs allege that:

> During the [m]onths of December 2013 through to March 2014, and when plaintiffs' assigned housing unit was freezing cold, Defendant Yates visited the housing unit several times, for reasons unknown, and she signed the daily log book or her visits to South housing unit were otherwise recorded in the same.

(Dkt. No. 31 at p. 11)

---

[2] The amended complaint also names a John Doe defendant.

The amended complaint alleges that Ms. Davis and Ms. Yates had to have known that outside freezing air was entering the housing unit. For example, plaintiffs allege that, "[w]hen Defendants Yates and Davis were at the officer's desk, they would have had to see the housing unit officer's personal space-heaters, that they were using, as they were in plain sight." (*Id.* at p.16)

In Count I, plaintiffs assert that the movants are liable under the Fourteenth Amendment for their failure to provide safe conditions of confinement. In Count II, plaintiffs allege that the movants are liable under the Fourteenth Amendment for their abuse of power based on the conditions of confinement. Finally, in Count III, plaintiffs allege that defendant Yates is liable under a theory of supervisory liability. The amended complaint seeks damages, as well as declaratory and injunctive relief.

Davis and Yates have filed a partial motion to dismiss the amended complaint. Both movants seek dismissal of Count II for failure to state a claim. Additionally, Yates seeks a dismissal of all claims for damages claims against her because the amended complaint fails to allege her personal involvement. Plaintiffs have filed a response in opposition to the partial motion to dismiss, and the movants have filed a reply. The matter is fully briefed and poised for decision.

## IV. DISCUSSION

The movants make two points in their partial motion to dismiss. First, the movants allege that the Count II fails to state a substantive due process claim against them under the Fourteenth Amendment, the allegations do not set forth facts that "shock the conscience." Second, defendant Yates argues that the claims for monetary damages against her should be dismissed because plaintiffs have failed to allege that she was personally involved in the purported violations.

4

A.  Count II

Count II of the amended complaint asserts that the defendants are liable under the Fourteenth Amendment for their "abuse of power." Both sides interpret this as a substantive due process claim, and spend a great deal of time in their briefs discussing whether the movants' alleged actions (or inaction) "shocked the conscience." The standards governing civilly committed persons such as plaintiffs, however, are more specific. My prior opinion in this case stated the applicable standards at length:

> A conditions-of-confinement claim brought by a civilly committed person is governed by the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 324–25 (1982) (concluding that Fourteenth Amendment rather than Eighth Amendment applies to involuntarily committed patients claim of safe conditions of confinement); *Artis v. McCann*, No. 11–3613, 2013 WL 2481251, at *3 (D.N.J. June 10, 2013) (stating that the rights of involuntarily committed patients "more appropriately arise under the Fourteenth Amendment" as opposed to the Eighth Amendment). The Fourteenth Amendment requires that committed persons not be subjected to conditions that amount to punishment, *Bell v. Wolfish*, 441 U.S. 520, 536 (1979); *Southerland v. Cnty. of Hudson*, 523 F. App'x 919, 921 (3d Cir. 2013) (noting that the central question in deciding whether a plaintiff has sufficiently alleged a Fourteenth Amendment conditions of confinement claim is whether the conditions constituted "punishment"), or exceed the proper bounds of professional discretion, *see Youngberg*, 457 U.S. at 321–22.
>
> A central issue, then, is whether the conditions of confinement cross the line that separates institutional administration from punishment:
>
>> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to that purpose.... Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental

5

objective, it does not, without more, amount to
"punishment." Conversely, if a restriction or
condition is not reasonably related to a legitimate
goal-if it is arbitrary or purposeless-a court may
permissibly infer that the purpose of the
governmental action is punishment that may not be
constitutionally inflicted upon [civilly committed
inmates].

*Bell*, 441 U.S. at 538–39; *see also Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 158 (3d Cir. 2005) (citation omitted), *Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 232 (3d Cir. 2008). To constitute punishment, a deprivation must be both serious and intentional:

> Unconstitutional punishment typically includes both
> objective and subjective components. As the
> Supreme Court explained in *Wilson v. Setter*, 501
> U.S. 294, 111 S. Ct. 2321, 115 L.Ed. 2d271 (1991),
> the objective component requires an inquiry into
> whether "the deprivation [was] sufficiently serious"
> and the subjective component asks whether "the
> officials act[ed] with a sufficiently culpable state of
> mind." *Id.* at 298, 501 U.S. 294, 111 S. Ct. 2321,
> 115 L.Ed. 2d 271. The Supreme Court did not
> abandon this bipartite analysis in *Bell*, but rather
> allowed for an inference of mens rea where the
> restriction is arbitrary or purposeless, or where the
> restriction is excessive, even if it would accomplish
> a legitimate governmental objective.

*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39 & n. 20). As to the "objective component," the court must consider "whether these conditions cause inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard II*, 538 F.3d at 233 (internal quotation marks and citations omitted). That analysis must encompass the totality of the circumstances within an institution. *See id.* ("In conducting this excessiveness analysis, we do not assay separately each of the institutional practices, but [instead] look to the totality of the conditions.") (internal quotation marks and citations omitted). *See Cruz v. Main*, No. 10–5605, 2011 WL 3625068, at *5 (D.N.J. Aug. 15, 2011) (analyzing civilly committed plaintiff's conditions of confinement claim using a totality of the circumstances analysis); *see also Daniels v. Taylor*,

6

> No. 13-5510, 2014 WL 3955372, at *5 (D.N.J. Aug. 13, 2014) ("In analyzing whether ... condition of confinement violate the Fourteenth Amendment, a court considers the totality of the circumstances within an institution.") (citing *Garcia v. Lancaster Cnty. Prison*, No. 13-2018, 2014 WL 176608, at *6 (E.D. Pa. Jan. 15, 2014) (citing *Hubbard I*, 399 F.3d at 160; *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981), *overruled in part on other grounds, Int'l Woodworkers of Am, AFL-CIO v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986) (en banc); *Wright v. Atl. Cnty. Justice Facility*, No. 10-6101, 2010 WL 5059561, at *6 (D.N.J. Dec. 2, 2010) (considering the totality of the alleged deprivations to determine whether plaintiff had stated a Fourteenth Amendment conditions of confinement claim).

*Davis v. Yates*, No. 15-6943, 2016 WL 5508809, at *5-6 (D.N.J. Sept. 27, 2016).

As to temperature conditions, I wrote:

> [Plaintiffs] "'have a right to adequate ventilation and a right to be free from extreme hot and cold temperatures[,] ... '[b]ut the Constitution does not give inmates the right to be free from all discomfort.'" *Kates v. Bledsoe*, No. 11-0391, 2013 WL 4417656, at ** (M.D. Pa. Aug. 14, 2013) (quoting *Shelby Cnty. Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986)), *aff'd*, 547 F. Appx. 93 (3d Cir. 2013); *Crosby v. Georgakopoulos*, No. 03-5232, 2005 WL 1514209, at *6 (D.N.J. June 24, 2005) ("Prisoners have a right under the Eighth Amendment to be free from extreme hot and cold temperatures.") (quoting *Freeman v. Berge*, No. 03-0021, 2003 WL 23272395, at *12 (E.D. Wis. Dec. 17, 2003)).

*Davis*, 2016 WL 5508809, at *7.

I find that Count II of the amended complaint sufficiently states a Fourteenth Amendment conditions-of-confinement substantive due process claim. The plaintiffs complain of the freezing temperatures in their housing unit. They also describe how the freezing temperatures affected them personally, alleging that they would shiver uncontrollably for hours and days at a time, and that they suffered severe dry and cracked skin as well as acute pain to their lower back and legs. . (*See* Dkt. No. 31 at p.12) That is a sufficient allegation. *See Yelardy v. Taylor*, No. 03-1032, 2006 WL 680660, at *9 (D. Del. Mar. 14, 2006) ("Yelardy alleges that his cell is so cold he is in

7

constant pain, suffering from 'aching bones,' for which he was prescribed medication. He further alleges that his pain is exacerbated by the fact that he was not been able to procure enough blankets to keep him warm. This combination of conditions potentially amounts to punishment.") (citing *Crosby*, 2005 WL 1514209, at *6).

Sarah Davis is adequately alleged to have had personal knowledge of the freezing conditions, in that she visited the unit and indeed delivered blankets.[3] Yates's personal knowledge and involvement are adequately alleged as well. *See* Part IV.B , *infra*.

I make no factual findings as to the existence or severity of these conditions, or the defendants' liability for them. I rule only that the amended complaint, if taken as true, sufficiently alleges a Fourteenth Amendment claim against the movants. The motion to dismiss Count II of the amended complaint is therefore denied.[4]

B. <u>Defendant Yates's Personal Involvement</u>

Defendant Yates separately argues that claims for monetary damages against her should be dismissed because the amended complaint does not allege that she was personally involved in the acts alleged. As I noted in the prior opinion, such an allegation of involvement is required:

> [A] § 1983 plaintiff cannot rely solely on a *respondeat superior* theory. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) ("Section 1983 liability cannot be found solely on the basis of *respondeat superior*"). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

---

[3] I do not suggest, of course, that Ms. Davis should be faulted for attempting to help the inmates by delivering blankets to them; quite the opposite. The issue for present purposes is simply one of knowledge.

[4] Although no one raises the point, Count II might well be duplicative of Count I. As this matter proceeds, the claims might be streamlined.

With respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell v. Danberg*, No. 14-1667, 2016 WL 4375620, at *9 (3d Cir. Aug. 17, 2016); *see also A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

*Davis*, 2016 WL 5508809, at *7.

I find that the conditions-of-confinement allegations of the amended complaint adequately allege that Yates was personally involved. In the original complaint, the only allegation of Yates's personal involvement was that she "was aware that since October, 2014, the heating system for the South Unit was in a state of disrepair and otherwise was not functioning properly." (Dkt. No. 1-1 at p.11) I found that allegation to be too general and conclusory to make out a plausible factual claim.

The amended complaint, however, adds more specific allegations against Yates. For example, the amended complaint states as follows:

> During the Months of December 2013 through to March 2014, *and when Plaintiffs' assigned housing unit was freezing cold, Defendant Yates visited the housing unit several times*, for reasons unknown, and she signed to daily log book or her visits to South housing unit were otherwise recorded in same.

9

(Dkt. No. 31 at p.11 (emphasis added)) To be sure, the dates at the beginning of this paragraph (December 2013–March 2014) are outside the relevant period (the winter of 2014–15). The paragraph states, however, that Yates visited the housing unit on specified dates *and* when the housing unit was freezing cold. I read this paragraph liberally, but admittedly it could be clearer.

That paragraph is supplemented by other factual allegations, which are also directed at Yates's personal awareness of the freezing conditions on the housing unit. For example, the amended complaint alleges that housing unit officers brought in space heaters because frigid air was blowing from the exhaust vents. (*See* Dkt. No. 31 at p.9) While at the officers' desks, Yates would allegedly have seen the space heaters, which were in plain sight; if so, she could readily have inferred that the residents, too, required some protection from the cold. (*See* Dkt. No. 31 at p.16)

The amended complaint sufficiently alleges Yates's personal involvement, based on her position of authority and circumstances suggesting her knowledge of the freezing cold temperatures in the housing unit. Yates's motion to dismiss the damages claims against her will therefore be denied.

## CONCLUSION

For the foregoing reasons, the motion of defendants Sherry Yates and Sarah Davis for partial dismissal of the amended complaint is denied. An appropriate order will be entered.

DATED: June 7, 2017

_____
KEVIN MCNULTY
United States District Judge